IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00108-M-RJ

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| MUWSAY IBN IBRAHIM TULU, | |
| Defendant. | |

This matter comes before the court on Defendant's pro se Motion for Reconsideration [DE 106]. For the following reasons, the motion is denied.

On July 3, 2025, Defendant moved to suppress statements made to law enforcement during an ATF search of his home. DE 81. He argued that because the officers did not give him a warning pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), the statements had to be excluded from evidence. *Id.* at 2. On August 8, 2025, United States District Judge Terrance W. Boyle denied the motion, finding that Defendant was not subject to a "custodial interrogation" when he spoke to law enforcement, and even if he was, the circumstances surrounding the questioning "did not rise to a level sufficient to 'convert this brief period of questioning into the functional equivalent of a stationhouse interrogation' that would require *Miranda* warnings." DE 95 at 4 (quoting *United States v. Gardner*, 823 F.3d 793, 801 (4th Cir. 2016)).

Defendant now seeks reconsideration of Judge Boyle's order, though he does not directly address it. *See* DE 106. He argues that the length of time he spent in handcuffs as well as the presence of law enforcement agents in and around his home caused him to feel as if he was not free to leave. *Id.* at 2. Motions for reconsideration are generally reserved only for circumstances

where a movant demonstrates "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Cooperative Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018); *see also United States v. Lewis*, No. 3:21-660-MGL, 2022 WL 16554657, at *1 (D.S.C. Oct. 31, 2022) (applying this guidance in a criminal case). Defendant has not identified any newly discovered evidence or a change in the law, and the court does not perceive clear error in the challenged order that would cause manifest unjustice. Accordingly, Defendant's motion [DE 106] is DENIED.

SO ORDERED this 26th day of August, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 5:24-cr-00108-M-RJ    Document 113    Filed 08/26/25    Page 2 of 2